### Perry v. Michelin Tire Co. et al.
(Decided Feb. 10, 1933.)

W. K. STEELE for appellant.

A. F. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In an action pending in the Pike circuit court to settle the estate of W. L. Perry, deceased, a lot was sold by the master commissioner. James Perry became the purchaser at the price of $1,500. He executed three bonds for $500 each and paid the first two bonds but failed to pay the last one. The sheriff was about to levy an execution on the property when James Perry brought this suit to enjoin D. T. Keel, the sheriff, and the Michelin Tire Company, a party to the settlement suit, from levying the execution issued and from attempting in any way to collect the $500.

It was alleged in the petition that W. L. Perry, deceased, appellant's brother, had purchased the lot in question from J. D. Caudill and others and had executed notes for the purchase price and that a lien was retained on the lot to secure the payment of the notes, but when the notes fell due W. L. Perry was unable to pay them and appellant advanced to his brother $500 and the notes were paid and assigned to appellant, and that he thereby was subrogated to the rights of Caudill and he asked that the master commissioner be directed to give him credit on his sale bond for the sum of $500.

An answer was filed traversing the averments of the petition and in a second paragraph it was alleged that the identical matter had theretofore been tried in the Pike circuit court upon exceptions to the master commissioner's report in the action to settle the estate of W. L. Perry, deceased; that James Perry in that action filed his claim against the estate of W. L. Perry, deceased, for $500 which he claimed was evidenced by a note for that amount given by W. L. Perry to J. D. Caudill for the purchase price of the lot and which note had been paid by James Perry and turned over to him

by Caudill; that James Perry filed exceptions to the master commissioner's report which failed to allow the claim and that these exceptions were heard and determined adversely to him; that the report of the master commissioner settling W. L. Perry's estate had been made and approved. In the third paragraph of the answer it was alleged that a note for $500 dated November 19, 1921, was executed by W. L. Perry and T. M. Perry to J. D. Caudill in part payment of lands purchased of him by them and that this note was thereafter fully paid by T. M. Perry and W. L. Perry and was not paid by the plaintiff, James Perry.

No reply to the answer was filed and the affirmative allegations of paragraphs two and three stand undenied.

Appellant introduced his father, T. M. Perry, as a witness in his behalf and he testified that he and his son, W. L. Perry, deceased, had been engaged in business as partners and that they had purchased a number of lots, including the one from Caudill, some of which were deeded to W. L. Perry and some to W. L. Perry and T. M. Perry jointly; that James Perry advanced money to the partnership from time to time which was used in paying various debts owed by the partnership including the debt to Caudill; that in 1926 he had a settlement with his son, James Perry; and that there was then due James Perry the sum of $535 and that he turned over to him the Caudill note. He admitted that he and his son, W. L. Perry, had paid the balance to Caudill on the lot purchased from him and that Caudill had delivered to them the note. It nowhere appears that Caudill made an assignment of the note or that the note was still alive.

In view of the uncontradicted averments of the answer and the failure of appellant to show Caudill had assigned the note to him, the circuit court properly dismissed the petition.

Judgment is affirmed.